UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

OBERIST LEE SAUNDERS, JR.,

   Plaintiff,

v.                                                          CASE NO. 6:09-cv-538-Orl-28GJK

LT. RON SHAW, et al.,

   Defendants.

---

## ORDER

This case is before the Court on Plaintiff's Motion for Reconsideration (Doc. No. 148). Plaintiff seeks reconsideration of this Court's March 3, 2011, Order denying his motions for joinder of parties and claims (Doc. No. 143). Plaintiff states that he has good cause for not seeking leave to add the parties until February 2011 (Doc. No. 148 at 1). Specifically, Plaintiff complains that he is "inexperienced and ignorant to the laws and civil procedures" and while he was housed at the Brevard County Jail, the Jail did not provide inmates access to law books or computers. *Id.* at 2. Additionally, Plaintiff notes it was not until he was transported to the Department of Corrections ("DOC") that he was able to conduct proper research and became knowledgeable of the laws and procedures. *Id.* at 3. Finally, Plaintiff states that had he been appointed counsel at the beginning of the proceeding, counsel would have known to add the additional parties and claims. *Id.*

Plaintiff has noted no change in the factual or legal underpinning upon which the Court based its judgment. A plaintiff may seek to join parties as defendants if he demonstrates (1) a right to relief asserted against the defendants jointly or severally or arising out of the same transaction or occurrence and (2) some question of law or fact is common to all persons seeking to be joined. Fed. R. Civ. P. (a)(2). The "central purpose of Rule 20 is to promote trial convenience and expedite the resolution of disputes, thereby eliminating unnecessary lawsuits." *Alexander v. Fulton County*, 207 F.3d 1303, 1323 (11th Cir. 2000), *overruled on other grounds by Manders v. Lee*, 338 F.3d 1304 (11th Cir. 2003).

The Court noted in its March 3, 2011, Order that Plaintiff was aware of the existence of these additional parties as of August 20, 2010, or potentially earlier, but did not move to add the parties until well after the close of discovery and the filing of a dispositive motion by Defendants (Doc. No. 143). The Court concluded that the addition of six defendants would cause significant costs to Defendants and significant delay to this case, which has been pending for two years. *See Hyland v. Sec'y, Dept. of Corr.*, No. 06-14455, 2007 WL 2445972, at *5 (11th Cir. Aug. 29, 2007); *Advisor's Capital Investments, Inc. v. Cumberland Cas. & Surety Co.*, No. 8:05-cv-404-T-23MAP, 2007 WL 1521616, at *1 (M.D. Fla. May 24, 2007).

While Plaintiff states that he did not have access to a proper law library until he was transferred to the Florida DOC, the Court notes that Plaintiff has been housed in the DOC since at least February 2010. Plaintiff filed a notice of change of address on February 12, 2010, indicating that he was now housed at Florida Central Reception Center (Doc. No. 32). Furthermore, Plaintiff was transferred to Tomoka Correctional Institution sometime prior

to July 8, 2010 (Doc. No. 65). The Court also notes that this case does not involve novel or complex facts and legal issues that necessitate the appointment of counsel. *See Dean v. Barber*, 951 F.2d 1210, 1216 (11th Cir. 1992). Plaintiff has not demonstrated that he has good cause for failing to add the additional parties and claims prior to February of this year, thus he has not shown that this Court should reconsider its prior Order.

Although the Court has determined Plaintiff is not entitled to reconsideration of the Order denying his motions for joinder of parties and claims, the Court notes that the parties Plaintiff wishes to add and the proposed claims arise out of the same transactions and occurrences at issue in the instant case. Plaintiff attaches an amended complaint to his motion and asks that if the Court does not grant reconsideration that it allow him to file an new case against Donald E. Eslinger, Sheriff of Seminole County; Martin Linnekugel, Captain of the Sheriff's Office, Division of Professional Standards; Clifford Manley, Deputy Director of the Seminole County Jail; David Diggs, Major of the Jail; William Rex, Lieutenant Supervisor of the Jail; Stacy Heath, Sergeant Supervisor of the Jail, Michelle Nealy, Deputy Sheriff of the Jail, Dr. Thang Pham, Jail Physician, Nurse Christie Herrera, and Nurse Deborah Butler. Plaintiff must raise all of his claims relating to the December 8, 2008, and December 11, 2008, incidents of excessive force which are at issue in one action and cannot bring his claims piecemeal in two actions.

Therefore, if Plaintiff wishes to pursue his claims against these new Defendants, Plaintiff may **voluntarily dismiss** the instant action, and initiate a new civil action against all of the Defendants involved in the December 8, 2008, and December 11, 2008, incidents.

3

If Plaintiff does voluntarily dismiss this case, he should be certain to file a new action before the applicable statute of limitation runs. *City of Hialeah v. Rojas*, 311 F.3d 1096, 1103 n.2 (11th Cir. 2002); *Grace v. Wainwright*, 761 F. 1520, 1526 (M.D. Fla. 1991). Moreover, the Court notes that Plaintiff may be subject to a new filing fee in the action. 42 U.S.C. § 1915(b). Plaintiff shall notify the Court within **FIFTEEN (15) DAYS** whether he intends to voluntarily dismiss this case and pursue a new action or whether he intends to proceed in this case. If Plaintiff decides to proceed in this case, then an Order shall be entered on the pending motion for summary judgment.

**DONE AND ORDERED** in Orlando, Florida this 19 day of May, 2011.

JOHN ANTOON II
UNITED STATES DISTRICT JUDGE

Copies to:
OrlP-3 5/10
Oberist Lee Saunders, Jr.
Counsel of Record